UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re:  TRS Recovery Services, Inc. and ) <br> TeleCheck Services, Inc., Fair Debt    ) <br> Collection Practices Act (FDCPA)        ) <br> Litigation                                           ) <br>                                                        ) | Civil No.  2:13-MD-02426-DBH |

**NOTICE OF PLAINTIFF'S REVISED PROPOSED ORDER
TO CERTIFY CLASS**

Pursuant to this Court's Order dated May 7, 2013 setting certain deadlines, Plaintiff Jean LaRocque respectfully submits her Revised Proposed Order to Certify Class, which is attached hereto as Ex. A.

**FRANCIS & MAILMAN, P.C.**

*/s/ John Soumilas*
JAMES A. FRANCIS
JOHN SOUMILAS
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
(215) 735-8600

LEWIS J. SAUL
JON HINCK
KEVIN M. FITZGERALD
**LEWIS SAUL & ASSOCIATES, P.C.**
183 Middle Street, Suite 200
Portland, ME  04101
(207) 874-7407

Date: May 14, 2013

*Attorneys for Plaintiff and the Classes*

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re:  TRS Recovery Services, Inc. and )<br>TeleCheck Services, Inc., Fair Debt      )   Civil No.  2:13-MD-02426-DBH<br>Collection Practices Act (FDCPA)        )<br>Litigation                                              )<br>                                                            ) | |

**ORDER ON MOTION FOR CLASS CERTIFICATION**

AND NOW, this ___ of _____, 2013, upon consideration of Plaintiff Jean LaRocque's Motion for Class Certification and Defendant TRS Recovery Services, Inc.'s (TRS) and TeleCheck Services, Inc.'s (Telecheck) response in opposition thereto, and as set forth in the Court's Decision on Motion for Class Certification entered July 17, 2012 (Doc. 56), Civ. No. 11-00091, it is hereby ORDERED and DECREED as follows:

1.  The Motion is GRANTED in part and DENIED in part.

2.  The Motion is GRANTED with respect to proposed Class 1.  The Court certifies Class 1 defined as follows:  "All natural persons with an address in the State of Maine to whom Defendant TRS sent its RECR3 letter between March 11, 2010 and the present."  This class is certified for purposes of Plaintiffs' claim that TRS's use of the RECR3 letter is false, deceptive or misleading under the Fair Debt Collection Practices Act (FDCPA) and the Maine Fair Debt Collection Practices Act (MFDCPA) because (a) TRS has no express authority to create demand drafts in the names of class members and/or because TRS's means of collection from class members as described in the RECR3 letter are deceptive and/or misleading, even where consumers saw

1

TeleCheck's decals at the point of sale, signed receipts, and understood the point of sale transactions; and/or (b) because the RECR3 letter fails to clearly state to class members whether the total amount of the alleged debt includes "any applicable state tax," which is referenced in the RECR3 letter.

3.   The Motion is GRANTED with respect to proposed Class 2.  The Court certifies a class defined as follows:  "All natural persons with an address in the United States and its Territories to whom Defendant TRS sent its RECR3 letter between March 11, 2010 and the present and from whom one or both Defendants collected in whole or in part, within 30 days of the RECR3 letter, the debt or returned check fee referenced in that RECR3 letter."  This class is certified for purposes of Plaintiffs' claim that the contents of the RECR3 letter and/or Defendants' practice relating to the collection of the alleged debt referenced in the RECR3 letter simultaneously to their mailing of the RECR3 letter and to the collection of an additional return check fee approximately 14 days thereafter overshadows and/or constitutes action inconsistent with the disclosure of consumer rights to dispute the debt or any portion thereof within 30 days of the consumer's receipt of the RECR3 letter, in violation of the FDCPA.

4.   The Motion is DENIED as to proposed Class 3.

5.   The Motion is GRANTED as to proposed Class 4.  The Court certifies a class defined as follows: "All natural persons who have paid a returned check fee of $25.00 to at least one of the Defendants by way of a TRS demand draft in connection with an underlying check transaction that

occurred in the State of Maine since March 11, 2005." The Court certifies this class for purposes of Plaintiffs' claim that Defendants' collection of a $25.00 returned check fee by demand draft, without providing to Maine residents a 10-day advance notice of their right to cure any dishonored check, violates the Maine Unfair Trade Practices Act because such practice is in violation of 14 M.R.S.A. § 6071(1) and/or Maine public policy.

6. The Court appoints the law firms of Francis & Mailman, P.C. and Lewis Saul & Associates, P.C. as Class Counsel.

7. The Court appoints the law firms of Francis & Mailman, P.C. and Lewis Saul & Associates, P.C. as Co-Lead Class Counsel.

8. Co-Lead Class Counsel shall have overall case management and litigation responsibility and shall assume and exercise the following powers and responsibilities in the most efficient manner that benefits the certified Classes:

    a. to make all work assignments in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

    b. to determine and present in pleadings, motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the Plaintiff and Classes as to all matters arising during all pretrial and trial proceedings;

    c. to seek relief, including statutory and actual damages;

    d. to act as spokesperson at pretrial conferences;

    e. to conduct or coordinate discovery on behalf of Plaintiff and the certified Classes consistent with the requirements of the Federal Rules of Civil Procedure;

    f. to sign all papers filed or submitted on behalf of Plaintiff and the certified Classes;

    g. to conduct all pre-trial, trial and post-trial proceedings on behalf of Plaintiff and the certified Classes;

    h. to select, employ, and consult with experts;

    i. to conduct settlement negotiations with Defendants on behalf of Plaintiffs and the Classes and to add such additional counsel as Lead Class Counsel may select, subject to the Court's approval;

    j. to otherwise coordinate and perform such other duties as Lead Class Counsel deem necessary or as authorized by further order of the Court;

    k. to recommend apportionment and allocation of fees and expenses; and

    l. to have authority to act on behalf of Plaintiffs and the Classes with respect to all other matters concerning the prosecution or resolution of the action.

  9. Co-Lead Class Counsel shall be responsible for communicating with the Court and are designated as the attorneys of record with whom the Court and the Defendants will be dealing throughout the course of this litigation.

  10. Class Counsel is ORDERED to maintain contemporaneous records of time and costs expended throughout this litigation.

  11. No later than seven (7) days from the entry of this Order, Class Counsel shall deliver to the Court's chambers, under seal, a copy of the fee agreements that they have entered into with the named representative Plaintiffs in this action for *in camera* review.

            **SO ORDERED.**

            _____
            **D. BROCK HORNBY**
            **UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

I, John Soumilas, hereby certify that, on this date, I caused a true and correct copy of Plaintiff's Revised Proposed Order to Certify Class to be served via email upon all counsel and also via ECF notification upon the following counsel of record:

Donald R. Frederico, Esquire
PIERCE ATWOOD LLP
100 Summer Street, Suite 2250
Boston, MA  02110
dfrederico@pierceatwood.com

Clifford H. Ruprecht, Esquire
Nolan L. Reichl, Esquire
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
cruprecht@pierceatwood.com
nreichl@pierceatwood.com

*Counsel for Defendants*
*TRS Recovery Services, Inc. and TeleCheck Services, Inc.*

**FRANCIS & MAILMAN, P.C.**

BY:   /s/ John Soumilas
JOHN SOUMILAS (*pro hac vice*)
Counsel for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Date:  May 14, 2013                              (215) 735-8600