UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **IN RE: TRS RECOVERY SERVICES, INC.** ] | |
| **AND TELECHECK SERVICES, INC.,** ] | **CIVIL DOCKET NO.** |
| **FAIR DEBT COLLECTION PRACTICES** ] | **2:13-MD-2426-DBH** |
| **ACT (FDCPA) LITIGATION** ] | |

**ORDER CERTIFYING A CLASS ACTION**

1. The Court **CERTIFIES** Class 1, defined as follows: "All natural persons with an address in the State of Maine to whom the defendant TRS sent its RECR3 letter between March 11, 2010, and the present." This class is certified for purposes of the plaintiffs' claim that TRS's use of the RECR3 letter is false, deceptive or misleading under the Fair Debt Collection Practices Act (FDCPA) and the Maine Fair Debt Collection Practices Act (MFDCPA) because, the plaintiffs allege, (a) TRS has no express authority to create demand drafts in the names of class members and/or TRS's means of collection from class members as described in the RECR3 letter are deceptive and/or misleading, even where consumers saw TeleCheck's decals at the point of sale, signed receipts, and understood the point of sale transactions; and/or (b) the RECR3 letter fails to state clearly to class members whether the total amount of the alleged debt includes "any applicable state tax," which is referenced in the RECR3 letter.

2. The Court **CERTIFIES** Class 2, defined as follows: "All natural persons with an address in the United States and its Territories to whom the

defendant TRS sent its RECR3 letter between March 11, 2010, and the present and from whom one or both defendants collected in whole or in part, within 30 days of the RECR3 letter, the debt or returned check fee referenced in that RECR3 letter." This class is certified for purposes of the plaintiffs' claim that the contents of the RECR3 letter and/or the defendants' practice relating to the collection of the alleged debt referenced in the RECR3 letter simultaneously with their mailing of the RECR3 letter and with the collection of an additional return check fee approximately 14 days thereafter overshadows and/or constitutes action inconsistent with the disclosure of consumer rights to dispute the debt or any portion thereof within 30 days of the consumer's receipt of the RECR3 letter, in violation of the FDCPA, even where consumers saw TeleCheck's decals at the point of sale, signed receipts, and understood the point of sale transactions.

3.  The court **CERTIFIES** Class 3,[1] defined as follows: "All natural persons who have paid a returned check fee of $25 to at least one of the defendants by way of a TRS demand draft in connection with an underlying check transaction that occurred in the State of Maine since March 11, 2005." The Court certifies this class for purposes of the plaintiffs' claim that the defendants' collection of a $25 returned check fee by demand draft, without providing to Maine residents a 10-day advance notice of their right to cure any dishonored check, violates the Maine Unfair Trade Practices Act because such practice is in violation of 14 M.R.S.A. § 6071(1) and/or Maine public policy,

---

[1] This was Class 4 in the motion for certification.

2

even where consumers saw TeleCheck's decals at the point of sale, signed receipts, and understood the point of sale transactions.

4. The Court appoints the law firms of Francis & Mailman, P.C. and Lewis Saul & Associates, P.C. as Class Counsel and Co-Lead Class Counsel.

5. Co-Lead Class Counsel shall have overall case management and litigation responsibility and shall assume and exercise the following powers and responsibilities in the most efficient manner that benefits the certified Classes:

    a. to make all work assignments on behalf of the plaintiffs and the certified Classes in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

    b. to determine and present in pleadings, motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the plaintiffs and the certified Classes as to all matters arising during all pretrial and trial proceedings;

    c. to seek relief, including statutory and actual damages;

    d. to act as spokesperson on behalf of the plaintiffs and the certified Classes at pretrial conferences;

    e. to conduct or coordinate discovery on behalf of the plaintiffs and the certified Classes consistent with the requirements of the Federal Rules of Civil Procedure;

    f. to sign all papers filed or submitted on behalf of the plaintiffs and the certified Classes;

g.   to conduct all pre-trial, trial and post-trial proceedings on behalf of the plaintiffs and the certified Classes;

h.   to select, employ, and consult with experts;

i.   to conduct settlement negotiations with the defendants on behalf of the plaintiffs and the certified Classes and to add such additional counsel as Co-Lead Class Counsel may select, subject to the Court's approval;

j.   to otherwise coordinate and perform such other duties as Co-Lead Class Counsel deem necessary or as authorized by further order of the Court;

k.   to recommend apportionment and allocation of fees and expenses; and

l.   to have authority to act on behalf of the plaintiffs and the certified Classes with respect to all other matters concerning the prosecution or resolution of the action.

6.   Co-Lead Class Counsel shall be responsible for communicating with the Court and are designated as the attorneys of record with whom the Court and the defendants will be dealing throughout the course of this litigation.

7.   Class Counsel is **ORDERED** to maintain contemporaneous records of time and costs expended throughout this litigation.

8.   No later than seven (7) days from the entry of this Order, Class Counsel shall deliver to the Court's chambers, under seal, a copy of the fee

agreements that they have entered into with the named representative plaintiffs in this action for in camera review.

**SO ORDERED.**

**DATED THIS 4TH DAY OF JUNE, 2013**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**