UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE: TRS RECOVERY SERVICES, INC. ]<br>AND TELECHECK SERVICES, INC.,    ]<br>FAIR DEBT COLLECTION PRACTICES   ]<br>ACT (FDCPA) LITIGATION                   ] | CIVIL DOCKET NO.<br>2:13-MD-2426-DBH |

ORDER ON PLAINTIFFS' CONSOLIDATED MOTION FOR CERTIFICATION
OF STATEWIDE CLASSES IN THE STATES OF CALIFORNIA, KANSAS,
NEW YORK AND NORTH CAROLINA, AND FOR APPOINTMENT OF AN
ADDITIONAL CLASS REPRESENTATIVE IN THE STATE OF MAINE

Before this controversy became a multi-district proceeding, I certified three classes and denied certification to a fourth class in the lawsuit filed in this District of Maine. LaRocque ex rel. Spang v. TRS Recovery Services, Inc., 285 F.R.D. 139 (D. Me. 2012). Thereafter, the Multidistrict Panel transferred here additional lawsuits from federal courts in California, Kansas, New York, and North Carolina.

The plaintiffs now have moved to add an additional named plaintiff to two of the classes I previously certified and to certify four new classes for people with an address in California, Kansas, New York, and North Carolina respectively. The defendants agreed to adding the new named plaintiff to the previously certified class for an allegedly misleading and deceptive dunning letter in Maine, but opposed her addition to the previously certified class for returned check fees in Maine. The plaintiffs acceded to the defendants' partial opposition and withdrew the request to add her to the returned check fee class. I therefore **GRANT** without objection the plaintiffs' motion as now modified, to

add the new named plaintiff to the previously certified class for an allegedly misleading and deceptive dunning letter in Maine (Class 1).

## CLASS CERTIFICATION

The defendants objected to the plaintiffs' request to certify four new classes. After hearing on March 17, 2014, I **DENY** the motion to certify the four new classes because (a) the named plaintiffs are not members of the classes for which certification is requested and, even if the plaintiffs' oral motion to modify the classes made them so, (b) the statute of limitations has run on the named plaintiffs' claims for relief. The defendants' remaining objections would not prevent class certification.

In the original lawsuit in Maine, the plaintiffs moved for certification of four classes:

1. A class of people in Maine who claimed that, since March 11, 2010, the defendants' dunning letter was misleading and deceptive contrary to federal and Maine law;

2. A nationwide class who claimed that the defendants' dunning letter for the same period that resulted in successful collection of money "overshadowed" their right to challenge the debt contrary to federal law;

3. A nationwide class who claimed that the defendants illegally recovered a second payment during the same period contrary to federal law;

4. A class of people from whom the defendants recovered a returned check fee in Maine during the same period contrary to Maine law.

2

I certified Classes 1, 2 and 4, and denied certification to Class 3. LaRocque, 285 F.R.D. 139.

Now in this multidistrict proceeding, the plaintiffs ask me to certify four new classes for the federal claim asserted in Class 1, but for the additional states of California, Kansas, New York, and North Carolina.[1] The proposed class periods are different than that for certified Class 1, however. They begin on September 6, 2011, for California, Kansas, and North Carolina, and on August 30, 2011, for New York. Mot. for Certification for Statewide Classes (ECF No. 32).

But the latest actionable conduct that the named plaintiffs allege that they suffered personally is *May 2011* (California) (ECF No. 32-11), and the other actionable conduct that they allege personally is in *August 2010* (Kansas, New York, and North Carolina) (ECF No. 32-16) (ECF No. 32-24) (ECF No. 32-21). For each named plaintiff, that alleged illegal conduct is outside the class periods that the plaintiffs proposed in their motion (*i.e.*, beginning August 30, 2011, for New York, and September 6, 2011, for California, Kansas, and North Carolina). Thus, because of the dates of the conduct that they have individually alleged (May of 2011 and August of 2010), the named plaintiffs are not members of the classes they respectively propose to represent. I know of no authority for the proposition that someone who is not a member of the class can represent the class under Fed. R. Civ. P. 23. Instead, the Rule states

---

[1] The New York letter is slightly different, but the substance of the claim is the same.

explicitly: "One or more *members of a class* may sue . . . as representative parties on behalf of all members" and then only if they meet certain criteria. Rule 23(a) (emphasis added). Supreme Court cases also recognize the requirement of membership in the class. General Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156 (1982) ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class members") (citation and internal quotation omitted); Sosna v. Iowa, 419 U.S. 393, 403 (1975) ("A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified"); Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011) ("a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members") (citation and internal quotation omitted); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997). That alone is sufficient to deny the motion to certify.

At oral argument, apparently recognizing this problem, the plaintiffs proposed to modify the definition of the four new classes to extend back to March 11, 2010—in other words the same class period as in the original Maine lawsuit. Although the defendants objected, I see no reason to prevent the proposed modification. The defendants have pointed to no justifiable reliance to their prejudice on the previous definition, and the modification does not prejudice them in presenting their defenses.

Even allowing this modification to the chronological scope of the proposed classes, however, I nevertheless conclude that the statute of limitations has run on the proposed representative plaintiffs' claims. The parties agree that the Federal Debt Collection Practices Act statute of limitations is one year, 15 U.S.C. § 1692k(d). The four lawsuits that the Multidistrict Panel transferred here (and on which the four new proposed classes are based) were filed in their respective jurisdictions on dates between August 28 and September 5, 2012. Thus, to survive the statute of limitations bar, the plaintiffs must have suffered actionable conduct by the defendants after those same dates in 2011, whereas all the conduct that the named plaintiffs allege affected them individually occurred *before* those dates.

The plaintiffs argue that the running of the limitations period was tolled by the earlier Maine lawsuit that LaRocque filed in this District on March 1, 2011, at least until I ruled on the class certification motion in that case—either on July 17, 2012, the date of the decision announcing the outcome, (ECF No. 56) (2:11-cv-91-DBH), or June 4, 2013, the date of the certification order itself, (ECF No. 17) (2:13-md-2426-DBH). Pls.' Reply at 2 (ECF No. 50). They cite American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1975) and Crown Cork & Seal Co. v. Parker, 462 U.S. 345 (1983), to support their tolling argument. I disagree that American Pipe and Crown Cork & Seal support tolling the limitations period here. The rationale of those Supreme Court cases (and circuit cases that follow them) is that members of a proposed class have

5

no reason to file their own lawsuits until after the class certification motion determines whether their claims will be included in the class action. To require them to do so earlier would encourage unnecessary litigation because they might be included in the class. American Pipe, 414 U.S. at 550; Crown Cork & Seal, 462 U.S. at 351. Here, on the other hand, people with addresses in California, Kansas, New York, and North Carolina who believed that the defendants' dunning letters were misleading and deceptive had no reason to delay filing their own lawsuits asserting that the dunning letter was misleading and deceptive, because the LaRocque complaint and the earlier motion to certify classes did not seek to create a class that would assert their claims. It is true that proposed Classes 2 and 3 asserted nationwide claims (I certified Class 2 and denied certification to Class 3), but the claims there were for overshadowing and double payment respectively, not the "misleading and deceptive" claim that the new proposed classes want to assert. Thus, there was no reason for these named plaintiffs to delay filing their claims while waiting for a decision on the earlier LaRocque motion.[2]

---

[2] The Circuits seem to differ on whether the tolling principle extends to new class actions or only individual claims. See Yang v. Odom, 392 F.3d 97, 105-06, 112 (3d Cir. 2004) (plaintiffs' class claims tolled until class certification in previous action was acted upon); Catholic Social Servs. Inc. v. INS, 232 F.3d 1139, 1147 (9th Cir. 2000) (en banc) (plaintiffs' class claims for certification of a subsequent class tolled because of earlier certified class action); Basch v. Ground Round, Inc., 139 F.3d 6, 11 (1st Cir. 1998) ( filing of a previous class action tolled the applicable statute for a later class action where the later action was not an attempt to relitigate the denial of certification or correct a procedural deficiency in the purported class); Griffin v. Singletary, 17 F.3d 356, 359 (11th Cir. 1994) (no tolling for later class actions brought by putative members of the class denied certification earlier); Korwek v. Hunt, 827 F.2d 874, 876 (2nd Cir. 1987) (tolling did not apply "to permit the filing by putative class members of a subsequent class action nearly identical in scope to the original class action which was denied *(continued next page)*

6

I do find the driving convictions of one named plaintiff (hit and run and OUI) most recently in 2008 (Cook Tr. at 58-60 (ECF No. 45-7)) insufficient to disqualify him. Although the cases have sometimes disqualified a class representative for fraudulent behavior, see, e.g., LaRocque, 285 F.R.D. at 151 (discussing cases such as Pope v. Harvard Bancshares, Inc., 240 F.R.D. 383, 390 (N.D. Ill. 2006)), these driving convictions are not of that sort and they occurred some time ago. I know of no reason to make them some sort of attainder to prevent this individual from ever becoming a class representative.

I also find the class representatives' asserted lack of familiarity with the claims insufficient to deny them class representative status. In my earlier Order, I discussed what those requirements are. These named representatives were adequately involved in the allegedly actionable conduct and are proceeding appropriately with their obligations as class representatives.

Finally, the defendants renew their objections to class certification that I previously rejected in my Decision and Orders of July 17, 2012 (ECF No. 56)

---

certification"); Salazar–Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d 1334, 1351 (5th Cir. 1985) (tolling did not apply to permit putative class members to file subsequent class action after denial of class certification in first action because of defects in the purported class). I do not need to address that issue here.

Although Justice Powell, concurring in Crown, Cork & Seal, was concerned that a defendant might not be "fairly placed on notice by the class suit," Crown Cork & Seal, 462 U.S. at 355, that is not part of my rationale for denying class certification here. These defendants have known for some time that such claims were possible, and at one point brought their own motion to enlarge Class 1 to a nationwide class, a motion that I denied. Mem. in Support of Defs.' Request that Class One be Defined as a Nationwide Class (ECF No. 66); Decision on Defs.' Mot. to Expand Class (ECF No. 74). But the fact remains that nothing in the earlier class certification motion justified *plaintiffs* in other states in delaying filing their "misleading and deceptive" claim.

7

(2:11-cv-91-DBH) and June 4, 2013 (ECF No. 17) (2:13-md-2426-DBH).  I reject those arguments now for the same reasons stated then.

Accordingly the plaintiffs' motion for certification of classes for California, Kansas, New York, and North Carolina is **DENIED**.[3]

**SO ORDERED.**

**DATED THIS 20TH DAY OF MARCH, 2013**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] The plaintiffs request "an opportunity to find substitute representatives" if I reject these proposed named plaintiffs as representatives of the respective classes.  Reply Brief at 7 n.6 (ECF No. 50).  The request is premature.  I do not know if there are substitutes, what class period they will assert, or the nature of their involvement.  If a concrete proposal emerges, I will have to determine the extent of my jurisdiction under the Multidistrict transfer orders.  I also note that discovery here is complete and all that remains are motion practice and trial.

8