**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE: TRS RECOVERY SERVICES, INC. ]<br>AND TELECHECK SERVICES, INC., FAIR ]<br>DEBT COLLECTION PRACTICES ACT    ]<br>(FDCPA) LITIGATION                            ] | CIVIL DOCKET NO.<br>2:13-MD-2426-DBH |

**ORDER DIRECTING NOTICE TO CLASS**

On June 9, 2015, I heard argument from the parties about issuing notice in preparation for a fairness hearing on their proposed settlement agreement, revision of the previously certified classes, and plan of distribution. I asked the parties to revise the class notification forms to make them simpler and clearer, they did so, and I have made some further modifications. I have reviewed the Settlement Agreement[1] and the parties' subsequent modifications to that document. I now **ORDER** that:

1. The Court provisionally certifies a class for settlement purposes only (Settlement Class 1), pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

   > All natural persons with an address in the United States, American Samoa, Guam, Northern Mariana Islands, Puerto Rico or U.S. Virgin Islands to whom the defendant TRS sent its RECR3 letter between March 11, 2010 and July 30, 2015.

2. The Court provisionally certifies a class for settlement purposes only (Settlement Class 1 Subclass), pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

   > All natural persons with an address in the United States, American Samoa, Guam, Northern Mariana Islands, Puerto Rico or U.S. Virgin Islands to whom the

---

[1] Unless otherwise specified, capitalized terms in this Order have the same meaning as in the Settlement Agreement.

>   defendant TRS sent its RECR3 letter between March 11, 2010 and July 30, 2015, and from whom one or both Defendants collected in whole or in part, within 30 days of the RECR3 letter, the debt or returned check fee referenced in that RECR3 letter.

3. The Court provisionally certifies a class for settlement purposes only (Settlement Class 2), pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

    >   All natural persons who have paid a returned check fee of $25.00 to at least one of the defendants by way of a TRS demand draft in connection with an underlying check transaction that occurred in the State of Maine between March 11, 2005 and July 30, 2015.

    (Collectively, Settlement Class 1, Settlement Class 1 Subclass and Settlement Class 2 are the "Settlement Classes" and the members of the classes are the "Settlement Class Members"). The Settlement Classes shall supersede and supplant the three classes certified by virtue of this Court's June 4, 2013 Order Certifying A Class Action, No. 2:13-md-2426-DBH (ECF No. 17).

4. Excluded from these Settlement Classes are: all persons who submit timely and valid requests to be excluded from the Settlement Classes pursuant to the terms of the Settlement Agreement and this Order; all current and former employees, officers, directors, legal representatives, and agents of either of the Defendants; and, the Judge to whom this case is assigned and any member of the Judge's immediate family.

5. For the reasons set forth in this Court's July 17, 2012 Decision on Motion for Class Certification, No. 2:11-cv-91-DBH (ECF No. 56), the Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes. The Court finds that the differences between the Settlement Class definitions and the definitions of the litigation classes

previously certified do not alter the analysis or affect the result of the July 17, 2012 decision.

6. Pursuant to Fed. R. Civ. P. 23, Plaintiff Melissa Allen is approved as Class Representative for Class 1 (exclusive of Subclass 1) and Jean LaRocque is approved as Class Representative for Class 1 (inclusive of Subclass 1) and Class 2.  This Court appoints the firms of Francis & Mailman, P.C. and Lewis Saul & Associates, P.C. as counsel for the Settlement Classes ("Class Counsel").

7. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on January 21, 2016 in Courtroom Two, United States Courthouse for the District of Maine, 156 Federal Street, Portland, Maine, at 10:00 a.m. for the following purposes:

    a. To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

    b. To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

    c. To determine whether a final judgment should be entered dismissing the claims of Settlement Classes;

    d. To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for individual settlement and service awards to the Class Representatives; and

    e. To rule upon other such matters as the Court may deem appropriate.

8. Within five (5) business days of the entry of this Order, or as soon thereafter as possible, Defendants shall transfer to the Settlement Administrator, by draft or by wire, the sum of one-hundred eighty-two thousand two-hundred forty-three dollars ($182,243.00) to fund the administrative costs of settlement incurred prior to the Court's ruling on final approval of the settlement. This amount shall be credited towards the Settlement Amount that Defendants will be required to pay into the Settlement Fund in the event that the Settlement receives final approval.

9. Within thirty (30) calendar days of the entry of this Order, Defendants shall provide the Settlement Administrator with a class list in readable and searchable electronic form. The Settlement Administrator shall proceed with the notice plan as set forth in the Settlement Agreement.

10. The Court finds that the manner of giving notice substantially in the form set forth in the parties' July 21, 2015 Response to the July 9, 2015 Procedural Order and as modified at the telephone conference of July 30, 2015, fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11. The Settlement Administrator shall file, no later than fifteen (15) business days before the Final Approval Hearing, proof of mailing of notice and of the establishment and maintenance of the Settlement Website.

12. If a Settlement Class Member chooses to opt-out of the Settlement Class, such class member is required to submit a written and signed exclusion request to the Settlement Administrator, post-marked on or before the date

specified in the Mail Notice. A class member who submits a timely and valid Exclusion Request using the procedure identified in the Settlement Agreement shall be excluded from the Settlement Classes for any and all purposes. No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare and file with the Court under seal, and serve on counsel, a list of all persons who have submitted timely and valid Exclusion Requests.

13. A Settlement Class Member who does not file a timely and valid Exclusion Request shall be bound by all subsequent proceedings, orders, and judgments in the Litigation. Prior to the date of the Final Approval Order, the Court may permit a Settlement Class Member who has filed a timely and valid Exclusion Request to withdraw such Exclusion Request and to participate in the Settlement Agreement as if such Exclusion Request had never been made.

14. A Settlement Class Member may object to the Settlement in writing or in person at the hearing. For a written objection to be considered by the Court, the objection must be postmarked no later than the last date of Opt-Out Period, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth:

    a. The name of the lawsuit (*LaRocque v. TRS Recovery Services*);

    b. The objector's full name, city, and state;

    c. The grounds for the objection;

    d. Whether the objector (or anyone else) intends to come to the Final Approval Hearing and wants to speak;

    e. If the objector has a lawyer, the name of the lawyer(s) who represent the objector;

    f. Any agreements that relate to the objection or the objection process—whether in writing or oral—between the objector or the objector's counsel and any other person or entity.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for individual awards to the Class Representatives and for an award of attorney's fees and expenses shall be filed not later than ten (10) days before the Final Approval Hearing.

16. All Settlement Class Members are hereby preliminarily enjoined from participating as plaintiff or class member in any other lawsuit or proceeding in any jurisdiction based on, relating to, or arising out of any of the claims asserted in the Litigation unless and until they have timely and properly excluded themselves from the Settlement Classes.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**SO ORDERED.**

**DATED THIS 30TH DAY OF JULY, 2015**

                                    /S/D. BROCK HORNBY
                                  **D. BROCK HORNBY**
                                  **UNITED STATES DISTRICT JUDGE**