**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

---------------------------------------------------------X

**TRS RECOVERY SERVICES, INC., and TELECHECK SERVICES, INC., Fair Debt Collections Practices Act (FDCPA) Litigation**

---------------------------------------------------------X

MDL 2426

Master File Civ. No. 2:13-md-2426-DBH

CLASS ACTION

*This Document Relates To:*

JEAN LaROCQUE, ex rel. DEIDRE J. SPANG
v. TRS RECOVERY SERVICES, INC. and
TELECHECK SERVICES, INC.
Civ. No. 11-00091-DBH

MELISSA ALLEN v. TRS RECOVERY
SERVICES, INC. and TELECHECK
SERVICES, INC.
Civ. No. 2:11-cv-00091-DBH

**DEFENDANTS' RESPONSE TO OBJECTION OF PATRICK S. SWEENEY**

Defendants TRS Recovery Services, Inc. and TeleCheck Services, Inc. ("Defendants") hereby respond to the Objection of Patrick S. Sweeney to Proposed Settlement dated December 22, 2015 ("the Objection").

In the Objection, Mr. Sweeney states that he "believes that he is a member of the class as defined in" the class notice posted on the settlement website. Objection, p. 1. However, he does not 1) present proof of his class membership, 2) explain his basis for believing that he is a class member, or 3) specify which class he thinks he belongs to. According to the Settlement Administrator, his name does not appear in the Class Member database provided by Defendants, which contains the names and addresses of more than 340,000 class members. Defendants also have searched the databases they maintain that can be searched by name and have not located any information for anyone named Patrick Sweeney. It also seems unlikely that Mr. Sweeney is

{W5306700.2}

a member of Class 2, given that Class 2 involves transactions that occurred in the State of Maine and Mr. Sweeney appears to be from Wisconsin. Moreover, Mr. Sweeney purported to submit a claim as a member of the Class 1 subclass, so he does not appear to allege that he is a member of Class 2. As Mr. Sweeney has not established that he is a member of any of the Settlement Classes, he has no standing to object to the settlement.

Even if the Court were to consider the Objection, however, Mr. Sweeney's reasons for objecting have no merit. Defendants will defer to Class Counsel's responses to those objections relating to the request for attorneys' fees (paragraphs 3-9 of the Objection). Any concerns about the attorneys' fees, however, would not justify disapproval of the settlement, but should only affect the amount of attorneys' fees the Court awards. Settlement Agreement, ¶ 4.4 ("This Agreement is not conditional on the Court's approval of attorneys' fees in the requested amount or in any amount whatsoever. The Parties shall request the Court to consider them separately from the fairness, reasonableness, and adequacy of the Agreement. The Court's ruling on the request will not terminate or cancel the Agreement or give the Named Plaintiffs or Class Counsel a right or option to do so.")

In paragraph 1, the Objection asserts that the "[c]laims administration process fails to require reliable oversight, accountability, and reporting about whether the claims process actually delivers what was promised." This objection disregards Section 8.3(i) of the Settlement Agreement, which provides that the Final Approval Order shall "[r]eserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, all Settlement Class Members, and all objectors, to administer, supervise, construe and enforce this Agreement in accordance with its terms." Thus, the Settlement Agreement contemplates that the Court will exercise its discretion to require any "oversight, accountability, and reporting" that it

deems appropriate in the implementation of the claims process. In addition, Section 4.10 of the Settlement Agreement requires the Settlement Administrator to "provide a report to Class Counsel and Defendants' counsel identifying the total numbers of timely and properly submitted Claim Forms for Settlement Class 1, the Settlement Class 1 Subclass, and Settlement Class 2, and the names of such Settlement Class members ('Approved Claims')."

In paragraph 2, the Objection asserts that "[n]o timeframe for completing administration of the Monetary Relief is set, so Class Members cannot know when payment would arrive." This assertion is simply incorrect. Section 4.14 requires the Settlement Administrator to mail payments to Settlement Class Members "[w]ithin one hundred and twenty (120) days after the Claims Submission Deadline or the Effective Date, whichever occurs later . . . ."

In paragraph 10, the Objection asserts that "Notice is inadequate in that no alleged violated statutes are referenced, no briefing schedule is included and that an objector's only remedy is to write a letter setting forth objections." Defendants do not understand the Objection's concern about the briefing schedule or the method for objecting. With respect to the absence of statutory references, they are contained in the Complaint and in the Settlement Agreement, which are posted on the settlement website. All of the notices refer the reader to the settlement website for more information, and the long form notice specifically states that the Complaint is available there.

Finally, Defendants understand that Mr. Sweeney is a professional objector whose objections have been dismissed in numerous other cases. *See, e.g., In re Polyurethane Foam Antitrust Litig.*, Case No. 10-md-2196, ECF No. 1968 (N.D. Ohio Nov. 17, 2015) (objection of Patrick Sweeney); *Fladell v. Wells Fargo Bank*, Case No. 13-cv-60721, ECF No. 197 (S.D. Fla. Aug. 19, 2014) (objection of Patrick Sweeney); *id.*, ECF No. 260 (S.D. Fla. Oct. 29, 2014) (final

approval order); *Roberts v. Electrolux Home Prods., Inc.*, 2014 WL 4568632, at *12 (C.D. Cal. Sep. 11, 2014) (overruling Patrick Sweeney's objections and noting his "long history of representing objectors"); *Larson v. Trader Joe's Co.*, 2014 WL 3404531, at *5 & *7 n.4 (N.D. Cal. July 11, 2014) (overruling Patrick Sweeney's objections, and noting his status as a "professional objector"); *Kardonick v. JP Morgan Chase Co.*, Case No. 10-cv-23235, ECF No. 389 (S.D. Fla. Oct. 12, 2011) (appeal of final approval by Patrick Sweeney); *id.*, ECF No. 450 (S.D. Fla. May 10, 2012) (voluntarily dismissing appeal); *In re Checking Account Overdraft Litig.*, Case No. 09-md-02036, ECF No. 1936 (S.D. Fla. Oct. 3, 2011) (objection of Patrick Sweeney); *id.*, ECF No. 2150, 830 F. Supp. 2d 1330, 1336 (S.D. Fla. Nov. 22, 2011) (final approval overruling all objections); *Arthur v. SLM Corp.*, Case No. 10-cv-198, ECF No. 67 (W.D. Wash. Dec. 13, 2010) (objection of Patrick Sweeney); *id.*, ECF No. 266, at 2-3 (W.D. Wash Sep. 17, 2012) (final approval overruling all objections); *In re Lawnmower Engine Horsepower Mkting. & Sales Pracs. Litig.*, Case No. 08-md-1999, ECF No. 296 (E.D. Wis. June 4, 2010) (objection of Patrick Sweeney); *id.*, ECF No. 381-85 (August 16, 2010) (final approval orders).

Even if there might sometimes be a place for professional objectors in courts' evaluations of class action settlements, Mr. Sweeney's record in other cases, as well as the cursory and unmeritorious nature of the Objection he has filed in this case, suggest that the Court should place no weight on his submission.  *See Barnes v. Fleetboston Fin. Corp.*, 2006 WL 6916834, at *1 (D. Mass. Aug. 22, 2006) (professional objectors effectively levy a tax on class action settlements that benefits only themselves); *Trombley v. Bank of Am. Corp.*, 2011 WL 3740488, at *5 (D.R.I. Aug. 24, 2011) ("Courts have recognized the problems caused by so-called professional objectors, who assert meritless objections in large class action settlement

proceedings to extort fees or other payments."). *Cf. Bezdek v. Vibram USA, Inc.,* 2015 WL 9583769, n. 3 (1st Cir., December 31, 2015) (although meritorious objections can be helpful, "it is also important for district courts to screen out improper objections because objectors can, by holding up a settlement for the rest of the class, essentially extort a settlement of even unmeritorious objections.")

Defendants believe that the proposed settlement is fair, reasonable and adequate, and that the class notices satisfy the requirements of Rule 23 and Due Process. The Objection does not demonstrate otherwise. As no other objections have been filed, and there is no basis for rejecting the settlement, Defendants respectfully submit that the settlement should be approved.

TRS RECOVERY SERVICES, INC., and
TELECHECK SERVICES, INC.,

By their attorneys,

/s/ Donald R. Frederico
Donald R. Frederico
Pierce Atwood LLP
100 Summer Street, Suite 2250
Boston, MA 02110
(617) 488-8100
dfrederico@pierceatwood.com

and

Lucas A. Ritchie
Joshua D. Dunlap
Pierce Atwood LLP
254 Commercial Street
Portland, ME 04101
(207) 791-1100
lritchie@pierceatwood.com
jdunlap@pierceatwood.com

## CERTIFICATE OF SERVICE

      I hereby certify that, January 14, 2016, I filed a copy of the foregoing document with the Court's CM/ECF System, which will distribute a copy of the document to all counsel of record. Additionally a copy of the foregoing document will be mailed to the following:

Patrick S. Sweeney, Pro Se
2590 Richardson Street
Madison, WI  53711

                                  /s/ Donald R. Frederico