## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

-------------------------------------------------------X

**TRS RECOVERY SERVICES, INC., and**
**TELECHECK SERVICES, INC., Fair**
**Debt Collections Practices Act (FDCPA)**
**Litigation**

-------------------------------------------------------X

**MDL No. 2426**
**Master File Civ. No. 2:13-md-2426-DBH**

*This Document Relates To:*

JEAN LaROCQUE, ex rel. DEIDRE J. SPANG
v. TRS RECOVERY SERVICES, INC. and
TELECHECK SERVICES, INC.
Civ. No. 11-00091-DBH

MELISSA ALLEN v. TRS RECOVERY
SERVICES, INC. and TELECHECK
SERVICES, INC.
Civ. No. 2:11-cv-00091-DBH

### PLAINTIFFS' RESPONSE TO OBJECTION OF PATRICK S. SWEENEY TO PROPOSED SETTLEMENT

Plaintiffs Jean LaRocque and Melissa Allen hereby responds to the "Objection of Patrick S. Sweeney to Proposed Settlement and Notice of Intent to Appear" (Dkt. No. 121) as follows:

**I.      INTRODUCTION**

None of the tens of thousands of known members of the classes represented in this litigation have objected to the proposed settlement.  A single "Objector," one Patrick S. Sweeney of Madison, Wisconsin, who states without support that he "believes he is a member of the class," has filed a list of nine objections ("Sweeney objections").

Plaintiffs and Class Counsel have achieved substantial relief for Class Members in the form of the proposed settlement that requires Defendants TRS Recovery Services, Inc. ("TRS") and TeleCheck Services, Inc. ("TeleCheck") ("Defendants") to make changes to their debt collection practices and pay a sum of $3,430,000.000 ("Settlement Funds"), into a settlement fund for the

benefit of class members.  The settlement is the product of contentious, hard fought litigation and good faith, hotly-contested, arms-length negotiations and a thorough evaluation of the extent and limit of Plaintiffs' claims and the risks of continued litigation.  Notice of the settlement has been sent and the claims, exclusion, and objection deadlines have passed.  In total, 39,562 Class Members timely submitted claims with few exclusion requests and no verified objections.

The Sweeney objections should be overruled as they lack substance and evidentiary support and are unpersuasive.  What is more, the only filer of  objections is likely not a class member, but more accurately characterized as a vexatious litigant who apparently is attempting here, as he has in many other cases, to interfere with this settlement as part of some long-established campaign or scheme unconnected with the specifics of this case.

The objections lodged should not deprive the Settlement Class Members of the benefits they are entitled to receive under the settlement.  The record before the Court makes plain that the terms of the settlement are fair, reasonable and adequate.

## II.   THE CLASS RESPONDED POSITIVELY TO THE SETTLEMENT

By all indicia, the Class plainly favors settlement.  The claims period has now closed.  As of January 7, 2016, Class Members have submitted a total of 39,562 claims, including 269 late claims. No known members of the Class objected to the settlement, and only 13 claimants requested to opt out.

The Sweeney objections stand alone.  Class members responding have overwhelming signaled their support for the Settlement.  Class member reaction is appropriately a factor in determining whether a settlement fair, reasonable and adequate and the Sweeney objections are properly viewed in that context.  See *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *In re Compact Disc Min. Advertised Price Antitrust*

*Litig.*, 216 F.R.D. 197, 206 (D.Me.2003). *Cf. In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 72 (D.Mass.2005) (reaction to settlement was positive with 5,489 claims, 140 opt-outs, and 10 objections); *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 96 (D.Mass.2005) (reaction to settlement was positive with 10,614 consumer claims, 49 opt-outs, and 10 objectors). In response to this proposed settlement, Class Members are set for it to go forward.

## III.   THE SWEENEY OBJECTIONS TO CLASS RELIEF LACK MERIT

The objections here have a familiar feel to them.  For one, Mr. Sweeney has done this in many cases.  *See* Section IV *infra*.  In addition, although he may not have previously appeared in a case in this district, others have raised similar haphazard unavailing claims here.  This Court summarized a range of such objections with words equally applicable here:

> None of the objectors claim that the overall results achieved by the settlement are inadequate. Instead, they object to … the requested attorney fees award, and aspects of the notice and the claims process.

*In re New Motor Vehicles Canadian Export Antitrust Litig.*, 2011 WL 1398485 *3 (D.Me.2010). In the nine numbered points in the Sweeney objections, also raised are issues concerning timing and the nature of documents that should be part of the record.  The Sweeney objections are addressed in order below.

### A.   Claims Administrator Garden City Group, LLC Is Experienced and Professional and Gets Sufficient Oversight From the Parties and the Court

Mr. Sweeney alleges lack of "reliable oversight, accountability, and reporting" of the claims administration process.  He offers no facts, analysis or authority for this objection.  The Claims Administrator, Garden City Group, is a leading provider of legal administrative services and is receiving direct ongoing oversight from the parties and from the Court.  Class Counsel and the Court at this stage in the litigation perform this role as fiduciaries to the Settling Classes. Defendants have an incentive to see that the settlement succeeds with plaintiffs receiving the

proceeds provided for in the settlement.  In fact, the Settlement Agreement itself provides, in Section 8.3(i), that the Final Approval Order shall "Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, all Settlement Class Members, and all objectors, to administer, supervise, construe and enforce this Agreement in accordance with its terms."

**B.      The Objector Takes Issue With "timeframes and deadlines" But Does Not Aver Harm and None is Apparent**

Cursorily, the Sweeney objections claim that the "timeframes and deadlines" do not benefit the Classes because "they cannot know when payment would arrive."  At this stage, no one can know if, not less when any payments will arrive.  As a frequent class action objector should be aware, the Court and the parties are following a litigation schedule with an announced date of January 21, 2016 for the Court's Final Approval Hearing.  The parties will not learn until after that date whether the Court approves the terms of the settlement agreement as fair, adequate and reasonable.  If the settlement is approved, under the terms of the agreement, the mailing of payments will occur "[w]ithin one hundred and twenty (120) days after the Claims Submission Deadline or the Effective Date, whichever occurs later." Settlement Agreement §4.14. This schedule is fair and reasonable and would not be improved by needless delays caused by thoughtless objections.

**C.      If the Settlement is Approved, Class Counsel Will Meet Their Fiduciary Obligations Irrespective of Whether Fees Are Specifically Allocated for Implementation**

In another scattershot at best tangentially related to the fairness, reasonableness or adequacy of the settlement, Sweeney next objects because attorneys' fees for settlement administration are not specifically withheld.  As was previously stated, Class Counsel and the

Court remain fiduciaries to the Classes post-approval and the Court retains continuing jurisdiction. Moreover, the Settlement Agreement provides for a Final Approval Order that specifically reserves "the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, all Settlement Class Members, and all objectors, to administer, supervise, construe and enforce this Agreement…." Settlement Agreement §8.3(i).

If post-settlement attorney conduct is improper or falls short of what is needed to complete the distribution of settlement proceeds, Class Counsel recognizes that the Court retains inherent authority to impose sanctions including disqualification.  Experienced class counsel and professional claims administrators are committed to delivering results from their effort in line with all representations made to courts and that their future success depends upon their reputations for integrity.  Such considerations were the subject of briefing in these proceedings when the Court certified the classes and found class counsel along with the class representatives to meet the adequacy requirements.

### D.      Attorneys' Fees Are Fair and Reasonable the Objections Notwithstanding

In three separate, if cursory, objections, Sweeney contends that the attorneys' fee request is too high as a percentage of both the total settlement amount and the relief proposed to be paid out to the Classes and proposes instead compensation by lodestar.  Sweeney again makes no effort to substantiate his conclusion.  Class Counsel, on the other hand, has spent a fair amount of time examining the question of what is an appropriate fee for this litigation. *See* Plaintiffs' Motion for An Award of Attorneys' Fees, Expense Reimbursement and Service Awards ("Plaintiffs' Attorneys' Fees Brief") (Dkt. No. 124).  Not only is there no *per se* rule regarding the percentage that should be allocated to fees but awards range widely.  Class Counsel is mindful and recognize

in their argument on the issue that while this Court may look at what courts in other jurisdictions award in similar cases this is only part of the analysis.

On the issue of percentage recovery, however, we cite for reference the recent decision in a Fair Debt Collections Practices Act common fund class action in another federal jurisdiction. The court approved the settlement and the fee request and on the latter wrote:

> Here, the common fund is $4,400 and class counsel will receive $20,000. Although Plaintiff's counsel will receive more than four times the common fund amount, this circumstance occurs in FDCPA class action settlements of this scale.

*Weissman v. Gutworth*, 2015 WL 3384592, D.N.J., May 26, 2015, citing *cases,* e.g.*, Harlan v. Transworld Sys., Inc*., 2015 WL 505400, at *11 (E.D.Pa. Feb.6, 2015) (finding attorneys' fees and costs of $44,450.00 reasonable where common fund was $22,900.00). The point to be made is that the Court needs to address the attorneys' fee provision with significantly more depth of analysis than we see presented in the Sweeney objections.

On the ancillary objection that Class Counsel should be restricted to receiving lodestar, as it turn out, if the Court followed that advice in this case Class Counsel would be paid a higher percentage of both the total settlement amount and the relief paid to the Class. The attorneys' fees accrued over the past five years of litigation on a time-and-services basis equal a sum considerably higher than the fee request amount. Class Counsel's fee request is for $1,050,000.00 representing thirty-one percent of the Settlement Funds. Class Counsel's lodestar exceeds $1,250,511.00 meaning the requested fees are less than 83.9% of the current lodestar. Moreover, Class Counsel's lodestar will only increase over the remainder of the case. To be clear, if the Court were to follow Sweeney's objection, the result would mean less recovery for the Class and higher attorneys' fees than what is sought in Class Counsel's fee petition.

The objector purports to be representing the interests of the Classes but his slipshod approach to serious matters that arise in a settlement of class action litigation do not serve the class and on the issue of fees as other points, should be disregarded.

### E.   The Timing Around the Exact Final Number For Class Relief Does Not Control the Court's Methodology for Awarding Attorneys' Fees

Sweeney avers that "Any fee award prior to knowing the amount of relief actually paid to Class Members must be limited to lodestar evaluation."  He offers no explanation or authority for this Sweeney rule and it makes little sense.  Since the First Circuit examined the methodology for evaluating attorneys' petitions in *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir.1995), this Circuit, for good reason, has moved away from strict reliance on the lodestar method. *See Nilsen v. York County,* 400 F.Supp.2d 266, 273–76 (D.Me.2005).  There is no reason to assume that lodestar would be better or fairer than this Court's methodology.

In *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 2011 WL 1398485 (D.Me.2010), this Court discussed something similar when class members objected when the Court was "asked to award attorney fees before determining the value of benefits actually received by the class members." 2011 WL 1398485 at *3 n.22.  What the Court concluded there is equally apt here:

> This is a specious argument.  It is because the claims have already been submitted that I can determine the actual value of benefits the class will receive, and obviously any subtraction for attorney fees must be made before checks can be distributed to class members.  The benefits will be received by all who have filed claims (except those who fail to cash the claim check).  Moreover, the class members had both notice and a reasonable amount of time to file claims.

Now a new objector comes making a similarly specious argument.  It should be ignored.

/

/

7

**F.**   **Billing Records Subject to Immunity from Production and Privileges are Not Needed to Assess the Reasonableness of Attorneys' Fees**

Sweeney raises another variation of the theme that the Court must rely on the lodestar method to decide on Class Counsel's fee petition and even more, the firm's billing records must be reviewed.  Again, Sweeney disregards the methodology this Court and courts generally in the First Circuit use determine fee awards.  Plaintiff's counsel has provided a summary of their billing records in connection with the Motion for an Award of Attorneys' Fees, Expense Reimbursement and Service Awards.  What this shows is that Plaintiffs' counsel would be entitled to a greater share of the recovery if the Court awarded the firms' lodestar in this case.

**G.**   **The Objector's Way of Looking at the Mathematical Relationship Between the Settlement Fund and Requested Fee Awards Makes No Substantive Difference and Should Be Ignored**

Sweeney wants the Court to look at a ratio where the numerator is Plaintiffs' fee request and the denominator is the share allocated to the Class rather than the total Settlement Fund.  Typically courts have used the latter to frame the discussion of size of the fees in relation to the recovery.   Sweeney seems to think that his new look at an old equation would change the determination of whether a settlement and the class allocation versus attorneys' fee is fair and reasonable.  That makes no sense.  Plaintiffs' briefed the issue of the size of their fee request in relation to the total recovery and the share proposed to be allocated to the Classes.  Plaintiffs maintain that the attorneys' fee request is appropriate by all methods of analysis. *See* Plaintiffs' Attorneys' Fees Brief.  This suggested new look at the same numbers does not change that analysis.

**H.**   **The Court-Approved Notice and Notice Plan Is Adequate**

The short answer to the Objector's claim that the Notice was inadequate is that the Notice was approved by this Court.  The Court has already reviewed the Notice and the notice plan, and called for edits and revisions, which were made and instituted.  The Court then found:

> . . . that the manner of giving notice substantially in the form set forth in the parties'
> July 21, 2015 Response to the July 30, 2015 Procedural Order and as modified at
> the telephone conference of July 30, 2015, fully satisfies the requirements of
> Fed.R.Civ.P. 23 and due process, constitutes the best notice practicable under the
> circumstances, and shall constitute due and sufficient notice to all persons entitled
> thereto.

Order Directing Notice to Class.  ¶10. (Dkt No. 118).  The objections do not raise one new substantial question about the suitability of the notice.

The claims that the Notice is inadequate "in that no alleged violated statute are referenced, no briefing is included and that an objector's only remedy is to write a letter setting forth objections."  Of the three planks to this Objection, the first two are substantially false and all three are immaterial.    In Paragraph 1 of the Notice, the case is identified as *In Re: TRS Recovery Services, Inc. and TeleCheck Services, Inc.,* **Fair Debt Collection Practices Act (FDCPA) Litigation**, No. 2:13-md-2426-DBH. *See* Court-Approved Revised Notice (emphasis added) (Dkt. No. 113).  The notice also directs interested class members who seek more information to go to the settlement website at www.TRSclassaction.com.  The website has an easily located "Court Documents" page posting *inter alia* the pleadings identifying the statutory basis of the claims and the Order Directing Notice to Class, which sets forth the briefing schedule.

More importantly, the Notice, drafted eventually with direction from the Court, is designed to give class members the key information and to facilitate the way if they choose to share in the recovery.  The class members, who never had actual monetary damages, stand to receive a check for real money.  Of course, some may still want to exclude themselves from the Settling Classes or file an Objection, but for the vast majority who do not want to review statutes or join in briefing more detailed arguments are entitled to prominent, easy visual access to the key information about claiming a share of the settlement.  The Notice as written does that.  It also enables a much more

detailed review of the claims and defense of the litigation for those who are so inclined. Accordingly, Sweeney's "objection" to the Notice is on balance frivolous and should be overruled.

IV.   **MR. SWEENEY AS A SERIAL OBJECTOR, UNCONNECTED TO THIS LITIGATION, SHOULD BE DISCOUNTED OR SUMMARILY OVERRULED**

Serial objectors offer little that is constructive to a class action settlement. As this Court has observed, in class actions "the process provokes into action an interesting group of professional objectors, who seem to have a variety of agendas, some not always apparent." *In re Compact Disc Min. Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 218 n.52 (D.Me.2003). It should be noted that such objectors can do harm: "serial objectors can prevent an otherwise fair settlement from moving forward." *Hill v. State St. Corp.*, 2015 WL 1734996, at *2-3 (D. Mass. Apr. 16, 2015).

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

*Barnes v. Fleetboston Fin. Corp.*, 2006 WL 6916834, at *1 (D. Mass. Aug. 22, 2006). *See Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 6-7 (1st Cir. 1999) (noting potential for "extortionate" actions by objectors); because of the harm wrought to both the judicial process and settlement classes, "courts are increasingly weary of professional objectors." *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003).

As other courts have already observed, Patrick Sweeney is a "professional objector" who "has a long history of representing objectors in class action proceedings." *Larson v. Trader Joe's Co.*, 2014 WL 3404531, at *5 & *7 n.4 (N.D. Cal. July 11, 2014). He has filed objections to and appeals of numerous other class action settlements, which are routinely overruled or dismissed

without achieving any additional benefits for the settlement classes at issue.  A short list of Mr.

Sweeney's objections or appeals include:

- *In re Polyurethane Foam Antitrust Litig.*, Case No. 10-md-2196, ECF No. 1968 (N.D. Ohio Nov. 17, 2015) (objection of Patrick Sweeney).

- *Fladell v. Wells Fargo Bank*, Case No. 13-cv-60721, ECF No. 197 (S.D. Fla. Aug. 19, 2014) (objection of Patrick Sweeney); *id.*, ECF No. 260 (S.D. Fla. Oct. 29, 2014) (final approval order).

- *Roberts v. Electrolux Home Prods., Inc.*, 2014 WL 4568632, at *12 (C.D. Cal. Sep. 11, 2014) (overruling Patrick Sweeney's objections and noting his "long history of representing objectors").

- *Larson v. Trader Joe's Co.*, 2014 WL 3404531, at *5 & *7 n.4 (N.D. Cal. July 11, 2014) (overruling objections and recognizing that "attorney Patrick Sweeney also has a long history of representing objectors in class action proceedings").

- *Kardonick v. JP Morgan Chase Co.*, Case No. 10-cv-23235, ECF No. 389 (S.D. Fla. Oct. 12, 2011) (appeal of final approval by Patrick Sweeney); *id.*, ECF No. 450 (S.D. Fla. May 10, 2012) (voluntarily dismissing appeal).

- *In re Checking Account Overdraft Litig.*, Case No. 09-md-02036, ECF No. 1936 (S.D. Fla. Oct. 3, 2011) (objection of Patrick Sweeney); *id.*, ECF No. 2150, 830 F. Supp. 2d 1330, 1336 (S.D. Fla. Nov. 22, 2011) (final approval overruling all objections).

- *Arthur v. SLM Corp.*, Case No. 10-cv-198, ECF No. 67 (W.D. Wash. Dec. 13, 2010) (objection of Patrick Sweeney); *id.*, ECF No. 266, at 2-3 (W.D. Wash Sep. 17, 2012) (final approval overruling all objections).

- *In re Lawnmower Engine Horsepower Mkting. & Sales Pracs. Litig.*, Case No. 08-md-1999, ECF No. 296 (E.D. Wis. June 4, 2010) (objection of Patrick Sweeney); *id.*, ECF No. 381-85 (August 16, 2010) (final approval orders).

Most recently, Objector Sweeney filed an objection to a proposed settlement in *In re*

*Polyurethane Foam Antitrust Litig.*, Case No. 1:10 MD 2196. Nov. 17, 2015 (N.D.Ohio 2014).  In

his filing in that case, Sweeney raises six points as "Reasons For Objecting to Settlement." *See*

Declaration of Jon Hinck in Support of Plaintiffs' Response to Objection of Patrick S. Sweeney

Proposed Settlement, Exh. A.  All of the same points are repeated in this case, four of the six are

identically worded here.  Plaintiffs ask how specific, careful and reasonable can Mr. Sweeney's

assessment of class action settlements be when he arrives at identical critiques of purported flaws in two completely dissimilar cases with very different settlement terms.  We submit that this is not a credible list of objections from a reliable source.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs submit that the objections raised should be overruled and the Court should enter an order approving the settlement and the full relief requested.

Date:  January 14, 2016                    Respectfully submitted,
                                          **LEWIS SAUL & ASSOCIATES, P.C.**


                                          */s/ Jon Hinck*_____
                                          LEWIS J. SAUL
                                          JON HINCK
                                          KEVIN M. FITZGERALD
                                          183 Middle Street, Suite 200
                                          Portland, ME  04101
                                          (207) 874-7407
                                          lsaul@lewissaul.com
                                          jhinck@lewissaul.com
                                          kfitzgerald@lewissaul.com

                                          JAMES A. FRANCIS
                                          JOHN SOUMILAS
                                          DAVID SEARLES
                                          **FRANCIS & MAILMAN, P.C.**
                                          Land Title Building, 19th Floor
                                          100 South Broad Street
                                          Philadelphia, PA  19110
                                          (215) 735-8600
                                          jfrancis@consumerlawfirm.com
                                          jsoumilas@consumerlawfirm.com
                                          dsearles@consumerlawfirm.com

                                          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2016, I caused a true and correct copy of the Plaintiffs'

Response to Objection of Patrick S. Sweeney to Proposed Settlement to be filed with the Clerk of

the United States District Court for the District of Maine using the CM/ECF system, which will

send electronic notification to all registered counsel of record including:

Lucus A. Ritchie, Esq.
PIERCE ATWOOD, LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
lritchie@pierccatwood.com

Donald R. Frederico, Esq.
Kate R. Isley, Esq.
PIERCE ATWOOD, LLP
100 Summer Street, Suite 2250
Boston, MA 02110
dfrederico@pierceatwood.com
kisley@pierceatwood.com

I further certify that on January 14, 2016, I caused a true and correct copy of the Plaintiffs'

Response to Objection of Patrick S. Sweeney to Proposed Settlement to be served via the United

States Postal Service on the following non-registered users:

Patrick S. Sweeney
2590 Richardson Street
Madison, WI 53711

Date:  January 14, 2016                    */s/ Jon Hinck*_____
                                            JON HINCK

13