# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| IN RE: TRS RECOVERY SERVICES, INC. ) <br> AND TELECHECK SERVICES, INC., FAIR ) <br> DEBT COLLECTION PRACTICES ACT ) <br> (FDCPA) LITIGATION ) <br> ) | CIVIL DOCKET NO. <br> 2:13-MD-2426-DBH |

# FINAL JUDGMENT AND ORDER OF DISMISSAL

The plaintiffs Jean LaRocque and Melissa Allen (the "Class Representatives") have moved for Final Approval of the proposed class action settlement with the defendants TRS Recovery Services, Inc. and TeleCheck Services, Inc. ("defendants"). Earlier, I provisionally certified three settlement classes by Order entered July 30, 2015 (ECF No. 118). On February 10, 2016, after a fairness hearing on January 21, 2016, I certified settlement classes and approved the parties' settlement and the plaintiffs' attorney fees. I have considered all papers filed and arguments made with respect to the settlement, and I find that:[1]

    **1.** For purposes of settlement, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3). The classes as defined in my Order Directing Notice to the Class (ECF No. 118) (together, the "Settlement Classes") are so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement, as modified. (ECF Nos. 99 and 113).

Classes, the claims of the Class Representatives are typical of the claims of the Settlement Classes, and the Class Representatives fairly and adequately protect the interests of the Settlement Classes.  Questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**2.**  Notice to the Settlement Classes required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with my Order Directing Notice to the Class, and such notice by mail, website and publication has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies both Rule 23(e) and due process.

**3.**  The defendants have provided notification of this settlement to federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  See Decl. of Jennifer M. Keough Regarding CAFA Dissemination (ECF No. 104).

**4.**  The Settlement Agreement as modified was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

**5.**  The settlement as set forth in the Settlement Agreement as modified is fair, reasonable and adequate to members of each of the Settlement Classes in light of the complexity, expense, and duration of litigation and the risks

involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

**6.** The relief provided under the settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

**7.** The persons listed on Plaintiff's Exhibit 1 from the January 21, 2016 Fairness Hearing (ECF No. 132), have validly excluded themselves from the Settlement Classes in accordance with the provisions of the Order Directing Notice to the Class, and shall not be bound by the Settlement.

**8.** The parties and each member of the Settlement Classes have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement as modified.

**9.** It is in the best interests of the parties and the members of the Settlement Classes and consistent with principles of judicial economy that any dispute between any member of the Settlement Classes (including any dispute as to whether any person is a member of the Settlement Classes) and any Released Party that in any way relates to the applicability or scope of the Settlement Agreement as modified or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

**1.** This action is finally **CERTIFIED** as a class action for settlement purposes only against the defendants TRS Recovery Services, Inc. and TeleCheck Services, Inc. on behalf of a Settlement Class 1 defined as follows:

> All natural persons with an address in the United States American Samoa, Guam, Northern Mariana Islands, Puerto Rico or U.S. Virgin Islands to whom the defendant TRS sent its RECR3 letter between March 11, 2010 and July 30, 2015.

and on behalf of a Settlement Class 1 Subclass defined as follows:

> All natural persons with an address in the United States American Samoa, Guam, Northern Mariana Islands, Puerto Rico or U.S. Virgin Islands to whom the defendant TRS sent its RECR3 letter between March 11, 2010 and July 30, 2015, and from whom one or both defendants collected in whole or in part, within 30 days of the RECR3 letter, the debt or returned check fee referenced in that RECR3 letter.

and on behalf of a Settlement Class 2 defined as follows:

> All natural persons who have paid a returned check fee of $25.00 to at least one of the defendants by way of a TRS demand draft in connection with an underlying check transaction that occurred in the State of Maine between March 11, 2005 and July 30, 2015.

(Collectively, Settlement Class 1, Settlement Class 1 Subclass and Settlement Class 2 are the "Settlement Classes," and the members of the Settlement Classes are "Settlement Class Members").

**2.** The Settlement Agreement submitted by the parties and as modified is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class Members. The parties are directed to consummate the modified Agreement in accordance with its terms.

**3.** Within ten (10) business days after the Effective Date, as defined in the Settlement Agreement as modified, the defendants shall transfer to the Settlement Administrator, by draft or by wire, the balance of the Settlement Amount, in the sum of three million, two hundred forty-seven thousand, seven hundred fifty-seven dollars ($3,247,757) (the "Settlement Fund"). Together with the funds the defendants have already delivered to the Settlement Administrator as provided by this Court's Order Directing Notice to the Class, the Settlement Fund shall constitute the defendants' full and final payment to settle this class action lawsuit, as set forth in the Settlement Agreement as modified. The Settlement Administrator is directed to make disbursements from the Settlement Fund in accordance with the terms of Section 4 of the Settlement Agreement as modified. The Settlement Administrator shall ensure that, if a check has not been deposited or cashed within ninety (90) days after the date of issue, the amount of the check remains in the Settlement Fund for distribution in accordance with the Settlement Agreement as modified. Amounts that would have been payable on the negotiation of any check not deposited or cashed are not subject to escheat under any state law.

**4.** This action is hereby **DISMISSED** on the merits, **WITH PREJUDICE AND WITHOUT COSTS**.

**5.** The Court hereby approves the Release set forth in paragraphs 10.1 and 10.2 of the Settlement Agreement as modified. As agreed by the parties in the Settlement Agreement as modified, upon the Effective Date, the Released

Parties as defined in the Settlement Agreement as modified shall be released to the fullest extent provided therein.

**6.** Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this action, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the defendants, the plaintiffs, and each Settlement Class Member for any suit, action, proceeding, or dispute relating to this Order or the Settlement Agreement as modified. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement as modified, including, but not limited to, any suit, action, arbitration, or other proceeding by any Settlement Class Members in which the provisions of the Settlement Agreement as modified are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, is a suit, action or proceeding relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Settlement Classes are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

**7.** Upon consideration of Class Counsel's application for fees and expenses, the Court is entering a separate Order awarding reasonable fees and expenses as set forth in that Order. Payment of Class Counsel's fees and

expenses shall be taken out of the Settlement Fund as and when provided in that Order, and no additional payment shall be required of the defendants.

**8.** Upon consideration of the application for an individual settlement award, Class Representative Jean LaRocque is awarded the sum of six thousand dollars ($6,000) and Class Representative Melissa Allen is awarded the sum of four thousand dollars ($4,000) in consideration for their individual claims against the defendants and for the valuable services they have performed for and on behalf of the Settlement Classes. These payments shall be taken out of the Settlement Fund, and no additional payment shall be required of the defendants.

**9.** All Settlement Class Members shall be bound by all of the terms, conditions and obligations of the Settlement Agreement as modified, and all determinations and judgments in the action concerning the Settlement.

**10.** Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault or wrongdoing of any kind.

**11.** The Parties and Class Counsel agree that certification of the Settlement Classes is a certification for settlement purposes only, and that the defendants retain their rights to object to certification of this Litigation if the Effective Date does not occur and/or the Agreement is terminated pursuant to the provisions of paragraphs 7.5.1 or 7.5.2, or of any other class action under Federal Rule of Civil Procedure 23 or any other applicable rule, statute, law or provision.

**12.** The named plaintiffs and all Settlement Class Members are hereby permanently barred and enjoined from asserting or prosecuting any of the Released Claims in any jurisdiction, as set forth in Section 10.1 and 10.2 of the Settlement Agreement as modified, including during any appeal from this Final Approval Order.

**13.** Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement as modified.

**SO ORDERED.**

**DATED THIS 11TH DAY OF FEBRUARY, 2016**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**