# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: TRS RECOVERY SERVICES, INC. AND TELECHECK SERVICES, INC., FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) LITIGATION | ) ) ) ) ) | CIVIL DOCKET NO. 2:13-MD-2426-DBH |

## PROCEDURAL ORDER

In this multidistrict consumer class action over returned check fees, I approved a settlement in February 2016 (ECF No. 135).  Having heard nothing further about the distribution of the funds to the class members, last fall I directed the Clerk's Office to seek a status report from the parties on the distribution efforts.  As a result, I received a Declaration from the Settlement Administrator on September 29, 2016, stating that 39,313 checks totaling $1,896,276.46 had been distributed to class members, 34,207 of them had been cashed, 4,522 checks remained uncashed, and 584 had been returned as undeliverable.  It informed me that the final staleness date for all checks was November 27, 2016 (ECF No. 139).  The Declaration concluded by stating:

> Pursuant to Section 4.15 of the Settlement Agreement, [the Settlement Administrator] will begin preparing a *cy pres* donation once all checks have become stale. *Pending approval by the Court*, 85% of the *cy pres* donation is designated to be distributed to the National Endowment for Financial Education and 15% is designated to be distributed to Pine Tree Legal Assistance, Inc.

Id. at ¶ 7 (emphasis added).

That was appropriate because it was clear from previous proceedings that in approving the Settlement Agreement I had not yet approved the cy pres

distribution, see Plaintiffs' Uncontested Motion for Final Approval of Class Action Settlement at 8 (ECF No. 123), and counsel assured me at the final fairness hearing on January 21, 2016, that I would receive a final proposal once the amount of leftover funds, i.e., uncashed checks, was known.  I had also directed in my February 11, 2016, order granting attorney fees that no attorney fees be paid until the final expenses of claims administration were known, and that any excess expenses be taken out of the attorney fees (ECF No.136).

Having heard nothing further despite the passage of three months since the staleness date, I recently directed the Clerk's Office to seek another status report.  As a result, I received a Declaration from the Settlement Administrator on March 10, 2017.  To my surprise, it stated that the Settlement Administrator has already made cy pres payments of $216,658.49 without seeking court approval and that the settlement account balance is now $0.  See Decl. of Jacqueline Brasefield at ¶ 5 (ECF No. 140).  Neither of the two Declarations informed me of the status of the claims administration expenses or the attorney fees.

I therefore **ORDER** that by April 4, 2017, counsel provide a full report to the Court explaining what has happened and why.

**SO ORDERED.**

**DATED THIS 21ST DAY OF MARCH, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2